

```
                                                                    FILED
        IN THE UNITED STATES DISTRICT COURT              OCT 1 3 2009
          FOR THE WESTERN DISTRICT OF TEXAS
                   WACO DIVISION                    CLERK, U.S. DISTRICT COURT
                                                    WESTERN DISTRICT OF TEXAS
                                                    BY_____
                                                              DEPUTY CLERK
```

| | |
|---|---|
| ROY O'NEALE, § | |
| § | |
| Plaintiff, § | |
| § | |
| § | CIVIL ACTION NO. W09CA218 |
| § | |
| ANTHONY JOSEPH d/b/a THE § | |
| SMOKE SHACK § | |
| § | |
| Defendant. § | |

## DEFENDANT'S ORIGINAL ANSWER TO COMPLAINT AND COUNTER CLAIM

NOW COMES ANTHONY JOSEPH d/b/a THE SMOKE SHACK, DEFENDANT and makes and files this its response to Plaintiff's Complaint, and in support thereof, would respectfully show unto the court the following:

1. Defendant is without information sufficient to determine the truth or falsity of the allegations of fact and conclusions of law set forth in Paragraph 1 of Plaintiff's Complaint and therefore denies same.

2. Defendant is without information sufficient to determine the truth or falsity of the allegations of fact and conclusions of law set forth in Paragraph 2 of Plaintiff's Complaint and therefore denies same.

3. Defendant admits the allegations of fact set forth in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits only so much of Paragraph 4 of Plaintiff's Complaint as alleges that this Court generally has jurisdiction over claims filed pursuant to Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). Defendant denies that Plaintiff has set forth facts sufficient to trigger

those statutes or that Defendant violated those statutes. Defendant admits only so much of Paragraph 4 of Plaintiff's Complaint as alleges that this Court generally has venue under 28 U.S.C. §1391.

5. Defendant denies that Plaintiff worked for Defendant from July 2008 through June 21, 2009.

6. Defendant denies the allegations of fact and conclusions of law set forth in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations of fact and conclusions of law set forth in Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations of fact and conclusions of law set forth in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits only so much of Paragraph 9 of Plaintiff's Complaint as alleges the law as stated under § 216(b) of the FLSA. Defendant denies the allegations of fact and conclusions of law set forth in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations of fact and conclusions of law set forth in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations of fact and conclusions of law set forth in Paragraph 11 of Plaintiff's Complaint.

## ANSWER TO ALL ALLEGATIONS

Defendant denies any and all allegations not specifically admitted in this Answer.

## DEFENSES

1. Plaintiff's complaint fails in whole or in part to state a claim upon which relief can be granted against Defendant.

2. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, laches, waiver, and/or unclean hands.

3. To the extent Plaintiff recovers any damages based on his claim, the existence of which damages Defendant specifically denies, Defendant is entitled to an off set or credit for amounts paid to Plaintiff, but unearned by Plaintiff, while Plaintiff spent time in jail for the conviction of a criminal sentence.

4. Defendant specifically denies that Plaintiff worked in the furtherance of Defendant's business, for all of the hours claimed by Plaintiff.

4.. Defendant reserves the right to assert additional defenses as they become evident through discovery or investigation.

## COUNTER CLAIMS

1. In June of 2009, Plaintiff took or converted for his own use a computer containing company data and software valued not less than $1,500.00, which was properly the property of Defendant. Wherefore, Defendant seeks judgment against Plaintiff in that amount.

2. In June of 2009, Plaintiff took or converted company records for his own use and deprived Defendant, the proper owner of such documents, the use and benefit of same. Wherefore Defendant seeks judgment in the amount of $500.00.

3. In June of 2009, Plaintiff took or converted a company vehicle for his own use and deprived Defendant the proper owner of such vehicle, the use and benefit of same. Wherefore,

Defendant seeks judgment in the amount of $1,000.00.

4. Throughout his employment with Defendant, Plaintiff rented a company vehicle from Defendant. Plaintiff never paid the agreed monthly rental price for said vehicle. Wherefore, Defendant seeks judgment against Plaintiff in the amount of $500.00 for unpaid vehicle rental.

WHEREFORE, DEFENDANT, having fully answered Plaintiff's Complaint, and asserted its own Counter Claim, requests ta this court dismiss Plaintiff's Complaint in its entirety, award damages to Defendant based on its counter claims, and award Defendant all of its costs, its attorneys fees and any additional relief this Court deems just and proper.

Respectfully submitted,

/s/ Scott V. Allen
SCOTT V. ALLEN
SBN 01058010

SCOTT V. ALLEN, ATTORNEY AT LAW
1411 W. Avenue H
Temple, Texas 76504
(254) 774-9565
(254) 774-8579

ATTORNEY FOR DEFENDANT
ANTHONY JOSEPH d/b/a THE SMOKE SHACK

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was forwarded to counsel for Plaintiff, Mr. Charles Scalise, Ross Law Group, 1104 San Antonio Street, Austin, Texas 78701, by certified mail, return receipt requested on this the 13th day of October, 2009.

                                                                        Scott V. Allen