

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ROY O'NEALE, § § Plaintiff, § v. § **CASE NO.: WA: 09-CV-00218** § ANTHONY JOSEPH d/b/a § THE SMOKE SHACK, § § Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaim. After careful consideration of the motion, the response thereto, and the applicable law, the Court finds that Plaintiff's motion is without merit and should be denied.

## I. INTRODUCTION

Plaintiff Roy O'Neale ("O'Neale") filed suit against Defendant for overtime wages due under the Fair Labor Standards Act ("FLSA"). Defendant Anthony Joseph d/b/a The Smoke Shack ("The Smoke Shack") answered and filed a counterclaim for $3,500 claiming O'Neale took or converted a business computer, company records, and a company vehicle. O'Neale now moves to dismiss Defendant's counterclaim, arguing that this Court does not have subject matter jurisdiction over that claim.

## II. RELEVANT LAW

Federal courts are courts of limited jurisdiction, and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998). Absent jurisdiction conferred by statute or

1

by the Constitution, they lack the power to hear a case, and must dismiss an action if subject matter jurisdiction is lacking. *Id.*

There are two different kinds of counterclaims that may be properly brought before a federal court: compulsory and permissive. Fed. R. Civ. P. 13. A compulsory counterclaim arises from the same transaction or occurrence as the plaintiff's claim and must be brought in the same suit or it will be subsequently barred. *Id.* Because it arises out of the same transaction or occurrence as the original suit, a compulsory counterclaim need not have an independent jurisdictional basis. *Plant v. Blazer Fin. Serv., Inc.,* 598 F.2d 1357, 1359-60 (5th Cir.1979). On the other hand, a permissive counterclaim is one that is between the same parties as the original claim, but does not arise out of the same transaction or occurrence. Fed. R. Civ. P. 13(b). Unlike a compulsory counterclaim, a permissive counterclaim must have an independent jurisdictional basis. *Plant,* 598 F.2d at 1359.

### III. ANALYSIS

O'Neale argues that the Court lacks subject matter jurisdiction over the counterclaims because they are permissive, rather than compulsory, and there is no independent jurisdictional basis for them.

The parties agree that the test for whether a counterclaim is compulsory is (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether *res judicata* would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim. See *Park Club, Inc. v.*

*Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992) (citing *Plant*, 598 F.2d at 1360). "An affirmative answer to any of the four questions indicates the counterclaim is compulsory." *Plant*, 598 F.2d at 1360-61.

The test which has commended itself to most courts is the logical relation test. *Id.* at 1361. "The logical relation test is a loose standard which permits 'a broad realistic interpretation in the interest of avoiding a multiplicity of suits.'" *Id.* (quoting 3 Moore's Federal Practice P 13.13 at 300). In *Revere Copper & Brass,* the Fifth Circuit defined a "logical relationship" as existing when the counterclaim arises from the same "aggregate of operative facts" such that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant. *Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 715 (5th Cir. 1970).

Applying the logical relationship test literally to the counterclaim in this case clearly suggests its compulsory character because a single aggregate of operative facts, the alleged compensation or lack of compensation given to O'Neale for overtime work, gave rise to both O'Neale's and the Smoke Shack's claims. In this case, both parties' claims involve the employment relationship between O'Neale and the Smoke Shack. O'Neale asserts that he was not fully compensated for the amount of hours he worked for Defendant. The Smoke Shack is seeking reimbursement for the value of various items or assets which it alleges O'Neale wrongfully took from the company. Additionally, some of the items which are alleged to have been taken from the Smoke Shack involve personnel records which may be relevant to determining how many hours O'Neale worked for

Defendant. Clearly, the various factual underpinnings of both parties' claims are considerably intertwined and demonstrate a logical relationship. Therefore, the Smoke Shack's counterclaim for the value received by O'Neale from the alleged conversion of company items is a proper compulsory counterclaim before this Court.

## IV. CONCLUSION

Plaintiff's Motion to Dismiss Defendant's Counterclaim fails because the issues of law and fact raised by the claim and counterclaim are largely the same, substantially the same evidence will support or refute both parties' claims, and because there is a logical relationship between Plaintiff's claim and Defendant's counterclaim. It is therefore

**ORDERED** that Plaintiff's Motion to Dismiss Defendant's Counterclaim (Doc. No. 8) is **DENIED**.

**SIGNED** on this _19th_ day of February, 2010.

_____
WALTER S. SMITH, JR.
CHIEF UNITED STATES DISTRICT JUDGE