IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| ROY O'NEALE,<br>    Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | Civil No. W-09-CA-218 |
| | §<br>§ | |
| ANTHONY JOSEPH d/b/a/<br>THE SMOKE SHACK,<br>    Defendant. | §<br>§<br>§ | |

## ORDER

Came for consideration Plaintiff's Motion to Compel Discovery. Plaintiff filed the instant Motion on April 30, 2010. Defendant has filed no response to the instant Motion, nor has Defendant contacted the Court since the filing of the Motion. In the Motion, Plaintiff asserts that the Defendant responded to Plaintiff's First Request for Admissions but failed to respond to both Plaintiff's First Request for Production and Plaintiff's First Set of Interrogatories. In the Motion, Plaintiff's counsel details and certifies his attempts to obtain the discovery at issue, and that he has spent 1.5 hours attempting to obtain a response from Defendant. Plaintiff seeks $500 in sanctions pursuant to Federal Rule of Civil Procedure 37 in addition to an order compelling Defendant to respond to Plaintiff's First Request for Production and Plaintiff's First Set of Interrogatories. Federal Rule of Civil Procedure 37 (a)(5)(A) provides:

> **(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).** If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion,

including attorney's fees. But the court must not order this payment if:
(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

In the instant case, Defendant has not responded in any way to Plaintiff's Motion to Compel and has not otherwise contacted the Court to indicate his position on the instant discovery issue, nor has Defendant indicated to opposing counsel or the Court why he has been unable to timely comply with the discovery request. Defendant has had ample opportunity to be heard on this issue, but he has not availed himself. Under the instant circumstances, Rule 37 (a)(5)(A) supports Plaintiff's request for $500 in attorney's fees.

As such, after careful review of Plaintiff's Motion, and noting that there is no response thereto, the Court hereby

**ORDERS** that Plaintiff's Motion be **GRANTED**. Defendant shall, by July 7, 2010, provide adequate responses to Plaintiff's First Request for Production and Plaintiff's First Set of Interrogatories. It is further

**ORDERED** that Defendant's counsel pay $500 in attorney's fees to Plaintiff for expenses incurred in the preparation of the instant Motion.

SIGNED this 1st day of July, 2010.

JEFFREY C. MANSKE,
UNITED STATES MAGISTRATE JUDGE